UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christiona Harris,<br>Plaintiff,<br><br>v.<br><br>Sunset Management Holding Company, LLC<br>d/b/a Kiawah Exclusives,<br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about September 21, 2023.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. Plaintiff, Christiona Harris, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Sunset Management Holding Company, LLC d/b/a Kiawah Exclusives, upon information and belief, is a foreign corporation organized in the state of Delaware and operating under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

**STATEMENT OF FACTS**

10. On or about May 25, 2021, the Plaintiff, an African American, began working for the Defendant as a Housekeeping Supervisor and Property Manager. At all times, the Plaintiff was efficient and effective in her job.

11. Beginning in or about May 2021, Plaintiff was subjected to racial discrimination by the Office Manager, Karen McFadden (Caucasian).

12. Plaintiff and other African American employees were told only to use the back door to enter the building and a camera was installed only on this door.

13. Ms. McFadden stated, "don't let those Niggers take those," referencing cleaning materials, and "those black men scare me." On several occasions the Plaintiff would also get locked out of the parking lot, unable to get to her vehicle.

14. Plaintiff reported the discrimination to Ms. McFadden, but nothing was done.

15. Plaintiff was further discriminated against by Timothy Motley (Caucasian), Defendant's Accountant when Tim asked Plaintiff if she liked watermelon and then called Plaintiff a "sista soulja." Mr. Motley also stated, "you people are taking over," referring to the African American employees.

16. Plaintiff reported the discrimination again to Ms. Ms. Fadden, and to Krystal Harrington, HR representative, but nothing was ever done.

17. Plaintiff was also discriminated against when she was expected to be on call 24/7, without extra pay, when the property managers (Caucasian) would be paid extra when on call.

18. On or about September 14, 2022, Plaintiff was terminated, and the reasons given were false and pretextual in nature.

19. Plaintiff witnessed Mr. Motley drink at the office as well as use profanity on the clock, and Ms. McFadden would purchase alcohol for employees and encourage other Caucasian employees to use a marijuana vape pen to calm down when stressed on the clock, however, no one else was terminated, only Plaintiff.

20. After Plaintiff's termination, she went to another resort on Kiawah Island to obtain employment, but they refused to let her apply or give her an interview and told Plaintiff that Ms.

McFadden had already spoken to them about Plaintiff and that she was unfit for those jobs, so they could not hire her nor give her an interview based on what Ms. McFadden told them.

21. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

22. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## RACIAL DISCRIMINATION - Title VII

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against and terminated based on her race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

25. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on her race and/or color;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

26. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

27. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

28. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, she would not have been terminated.

29. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

30. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT

33. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. Once Plaintiff asserted her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

35. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), by allowing a hostile work environment to exist in the workplace.

36. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

37. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

38. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
## RETALIATION – Title VII

39. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

40. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

4

41. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

42. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

43. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

44. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, she would not have been terminated.

45. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

46. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

47. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

48. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

49. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

50. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

### FOR A FOURTH CAUSE OF ACTION
### SLANDER/SLANDER PER SE

51. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

52. That the Defendant has slandered the Plaintiff by knowingly speaking false words and writing and publishing false statements, and untrue information about her, thereby harming the Plaintiff's reputation.

53. The defamatory statements are false and slanderous, or are slanderous *per se,* because the statements injured the Plaintiff's reputation, both in the community and in her trade or occupation.

54. The foregoing defamatory statements were made with actual malice and with the intent to injure the Plaintiff and her reputation.

55. Due to the acts of the Defendant, the Plaintiff suffered actual and special damages, including loss and injury to her reputation, loss of professional respect in the community, embarrassment, humiliation, mental anguish and suffering and loss of income.

56. The Defendant's defamation of the Plaintiff was done willfully, intentionally, and with actual malice, with the specific intent to harm the Plaintiff. Therefore, the Plaintiff is informed and believes that she is entitled to recover punitive damages from the Defendant in an amount to be determined by the jury.

## FOR A SIXTH CAUSE OF ACTION
## DEFAMATION/DEFAMATION PER SE

57. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

58. At all times herein, the Defendant intentionally and maliciously made defamatory remarks about the Plaintiff in following particulars, to wit:

    a. In fraudulently making a false and defamatory statement by informing other individuals that the Plaintiff was a bad person;
    b. In making an unprivileged publication by the Defendant to other individuals; and
    c. In making derogatory statements against the Plaintiff knowing that the false statements would cause harm to the Plaintiff.

59. The Defendant consciously made these defamatory remarks with the intent to impeach the reputation of the Plaintiff thereby injuring the Plaintiff and ruining her reputation, business, and future career opportunities.

60. At all times the Defendant knew that the remarks they were making were false.

61. The Defendant made defamatory remarks knowing that any individuals hearing the remarks would be influenced by the remarks.

62. Due to the acts of the Defendant, the Plaintiff suffered actual and special damages, including loss and injury to her reputation, loss of professional respect in the community,

embarrassment, humiliation, mental anguish and suffering and loss of income and profit and future earning capacity.

63. The Defendant's defamation of the Plaintiff was done willfully, intentionally, and with actual malice, with the specific intent to harm Plaintiff. Therefore, Plaintiff is informed and believes that she is entitled to recover punitive damages from the Defendant in an amount to be determined by the jury.

64. The Defendant has negligently defamed the Plaintiff by publishing, by spoken words false, untrue information about her, thereby harming the Plaintiff's personal and business reputation.

65. The Defendant violated the Plaintiff's rights to enjoy her good reputation by publishing written words false, untrue information about her, wrongfully accusing the Plaintiff, thereby harming the Plaintiff's personal and business reputation.

66. That as a direct and proximate result of the aforesaid conduct of the Defendant, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such an amount as a trier of fact may award.

**REQUEST FOR RELIEF**

67. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

68. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

69. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.  Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
November 16, 2023

8